IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. RDB-14-0411 |
| TYRONE ALLEN, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM ORDER**

On October 23, 2015, Defendant Tyrone Allen ("Defendant" or "Allen") pled guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846.  (Arraignment, ECF No. 263.)  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the Government and Allen agreed that a 192-month (16-year) term of imprisonment was appropriate.  (Plea Agreement, ECF No. 264 at 5.)  On January 19, 2016, this Court sentenced Allen to 192 months of imprisonment followed by a 5-year term of supervised release.  (Judgment, ECF No. 294.)  Allen has been in federal custody since October 9, 2014.  (ECF No. 294 at 2.)  Accordingly, he has served at least five years of his 16-year sentence.

Now pending is Allen's *pro se* Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c), in which he seeks his immediate release from Federal Correctional Institution ("FCI") Petersburg Low.[1]  (ECF No. 418.)  In his Motion, Allen represents that he is uniquely susceptible to the potential spread of COVID-19 because of his "high risk medical profile."

---

[1] The Officer of the Federal Public Defender filed correspondence indicating that it would not supplement Allen's Motion.  (ECF No. 434.)

(ECF No. 418 at 12.) Allen has failed to present "extraordinary and compelling" reasons for his release because he has failed to identify, or present evidence of, any medical conditions which would make him vulnerable to COVID-19. For this reason, and the reasons stated herein, Allen's Motion for Compassionate Release (ECF No. 418) is DENIED.

## BACKGROUND

On September 3, 2014, the grand jury returned a one-count Indicment charging Allen and others with conspiracy to distribute and possess with intent to distribute cocaine, in violation of 18 U.S.C. § 846. On October 23, 2015, Allen pled guilty to that charge pursuant to the terms of a Plea Agreement. (ECF No. 264.) As memorialized in the Plea Agreement, the Government and Allen agreed that an adjusted offense level of 35 applied and, based on the pre-plea investigation report, anticipated that Allen fell into a criminal history category of III. (ECF No. 264 ¶¶ 6-7.) Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties further agreed that a 192-month sentence was appropriate. (*Id.* ¶ 9.)

This Court sentenced Allen on January 19, 2016. (ECF Nos. 293, 294.) At sentencing, this Court found that an offense level of 35 and a criminal history category of III applied, yielding an advisory Guidelines range of 210 to 262 months of imprisonment. Consistent with the parties' agreement, this Court imposed a below-Guidelines sentence of 192 months of imprisonment, followed by a 5-year term of supervised release. (ECF No. 294.)

On April 27, 2020, Allen filed a *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 418.) On April 29, 2020, the Clerk of this Court instructed Allen to submit certain information to the Office of the Federal Public Defender to facilitate its review of his case. (ECF No. 419.) On June 18, 2020, the Office of the Federal

Public Defender filed correspondence indicating that it had received the requested information from Allen, but would not supplement his Motion. (ECF No. 434.)

## ANALYSIS

The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Before the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

**I.  Administrative Exhaustion Requirements.**

On March 31, 2020, Allen submitted an institutional request for compassionate release addressed to Warden J. Andrews. (ECF No. 434-1.) Thirty days have elapsed since that request was submitted. Accordingly, this Court has jurisdiction over Allen's Motion.

## II.  Extraordinary and Compelling Reasons.

The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). 28 U.S.C. § 994(t).  Of relevance here, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A).  Additionally, the Sentencing Commission has authorized the Bureau of Prisons to identify other extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission.  *Id.* § 1B1.13 cmt. n.1(D).

Although potentially useful guides, neither the Sentencing Commission's guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis.  As Judge Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the Bureau of Prison's authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020).  Exercising that discretion, this Court has determined that a heightened susceptibility to COVID-19 may present extraordinary and compelling reasons for a sentence reduction. *See, e.g.*, *United States v. Hurtt*, JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020).

In his Motion, Allen vaguely claims that he has "health conditions" and "significant underlying health issues that make him exceptionally vulnerable to COVID-19," but never identifies these issues with any precision. (ECF No. 418 at 2, 12.)  These vague assertions are woefully insufficient.  Any concerns about the risks of COVID-19 are mitigated by the fact that FCI Petersburg Low, where Allen is presently housed, has no reported active cases of COVID-19.[2]  Accordingly, Allen has failed to present extraordinary and compelling reasons for his release.

### III.     Application of 18 U.S.C. § 3553(a).

Before imposing a reduction in sentence, this Court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Accordingly, this Court must consider (1) Allen's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants.  *See Bryant*, 2020 WL 2085471 at *4.

These factors weigh heavily against Allen's early release from prison.  Allen has a significant criminal history which includes a 1999 conviction for involuntary manslaughter, a 2003 second degree assault conviction, and several convictions involving the possession of controlled dangerous substances. (ECF No. 297 ¶¶ 27-33.)  Allen has now served only a small fraction of his below-Guidelines, agreed-upon sentence of 192 months.  Releasing Allen at

---

[2] Federal Bureau of Prisons, *COVID-19*, https://www.bop.gov/coronavirus/.

this stage would both place the public at risk and cut-off Allen's access to rehabilitation services.  Accordingly, compassionate release is not appropriate.

## CONCLUSION

Accordingly, for the reasons stated above, it is HEREBY ORDERED this 9th day of July, 2020, that Defendant Allen's Motion for Compassionate Release (ECF No. 418) is DENIED.

\_\_\_\_\_/s/_____
Richard D. Bennett
United States District Judge