IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          \*

   v.                            \*          Criminal Action No. RDB-14-411

TYRONE ALLEN,                \*

   *Defendant.*               \*

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**<u>MEMORANDUM OPINION</u>**

On October 23, 2015, Petitioner Tyrone Allen ("Petitioner" or "Mr. Allen") pleaded guilty pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)[1] to one count of conspiracy to distribute and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 846. (ECF No. 263; ECF No. 264.) In the plea agreement, the Government and Mr. Allen agreed upon a sentence of one hundred ninety-two months (sixteen years), plus five years of supervised release. (ECF No. 264 at 5.) On January 19, 2016, this Court sentenced Mr. Allen to that agreed-upon sentence, with credit for time served in federal custody since October 9, 2014. (ECF No. 294 at 1–3.) Mr. Allen is now fifty-three years old. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (search by register number: 58292-037) (last accessed Mar. 26, 2026). He is currently residing in a halfway house in Baltimore, where he is serving the rest of his sentence. *Id.* His projected release date is May 28, 2027. *Id.*

---

[1] In a Rule 11(c)(1)(C) plea agreement, the defendant agrees to plead guilty or no contest to a charged or lesser offense, and the Government's attorney agrees to a specific sentence or sentencing range. Fed. R. Crim. P. 11(c)(1)(C). Once the court accepts the plea agreement, the Government's recommendation is binding. *Id.*

1

Now pending is Mr. Allen's pro se Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), dated May 13, 2024. (ECF No. 559.) The Government has not filed a Response to the Motion. Given that nearly two years have passed since Mr. Allen moved for compassionate release, his Motion is ripe. *See United States v. Payton*, No. PJM-06-341, 2021 WL 927631, at *1 (D. Md. Mar. 11, 2021) (ruling on a motion for compassionate release without briefing by the Government). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the following reasons, Petitioner's Motion for Compassionate Release (ECF No. 559) is GRANTED. Mr. Allen's sentence is reduced to time served. The Bureau of Prisons is DIRECTED to release him from custody within ten days of the issuance of the accompanying Order.

## BACKGROUND

Pursuant to Federal Rule of Civil Procedure 11(c)(1)(C), Mr. Allen stipulated to the following facts in his plea agreement. (ECF No. 264.) Beginning in or around September 2012 and continuing through October 2014, Mr. Allen was a lieutenant in the drug-trafficking organization of co-Defendant Kedrick Jenifer. (*Id.* at 10.) Petitioner assisted Jenifer with the day-to-day operations of the organization, including collecting money and distributing drugs. (*Id.*) Between August 2013 and October 2014, Jenifer's drug trafficking organization transported no less than four hundred fifty kilograms of cocaine between Houston, Texas and Baltimore, Maryland, for the purpose of selling that cocaine in Baltimore. (*Id.*)

On February 4, 2015, a federal grand jury sitting in Baltimore returned a one-count Superseding Indictment charging Mr. Allen with conspiracy to distribute and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 846. (ECF No. 97.) Mr. Allen reached

a plea agreement with the Government pursuant to Rule 11(c)(1)(C) on October 19, 2015. (ECF No. 264 at 9.) As part of the plea agreement, the parties stipulated to a term of imprisonment of one hundred ninety-two months. (ECF No. 264 at 5.) Petitioner pleaded guilty to the one-count Superseding Indictment on October 23, 2015. (ECF No. 263.)

At sentencing on January 19, 2016, this Court accepted the plea agreement and imposed the agreed-upon sentence of one hundred ninety-two months' imprisonment, plus five years supervised release, with credit for time served since October 9, 2014. (ECF No. 293; ECF No. 294 at 2.) Mr. Allen did not appeal his judgment or conviction. During his incarceration, however, he has sought various forms of post-conviction relief, including the pending Motion for Compassionate Release, which he filed on May 13, 2024. (ECF No. 559.)

## ANALYSIS

### I.    This Motion is Properly Before This Court

Pursuant to the First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, a petitioner has a right to move for compassionate release on his own behalf in federal court so long as he meets certain "threshold requirement[s]."[2] *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). First, he must request that the warden of his facility seek compassionate release on his behalf. *Id.* (citing § 3582(c)(1)(A)). Second, he can *either* wait thirty days from making that request *or* fully exhaust his administrative rights of appeal. *Id.* (quoting § 3582(c)(1)(A)). Either of these methods is sufficient because Congress provided "two alternative ways to satisfy the

---

[2] Prior to the First Step Act's enactment in 2018, a court could only review a prison sentence upon motion of the Director of the Bureau of Prisons. *United States v. McCoy*, 981 F.3d 271, 274 (4th Cir. 2020). By passing the Act, Congress removed the BOP's "gatekeeping role" and authorized inmates to file motions for themselves. *Id.*

threshold requirement." *Id.* (citing *United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021)). These requirements are non-jurisdictional, however, and are thus waived or forfeited if not timely raised by the Government. *Id.* at 129 (citing *United States v. Marsh*, 944 F.3d 524, 529 (4th Cir. 2019)). A district court errs by dismissing *sua sponte* a pro se compassionate release motion because of a petitioner's failure to comply with the threshold requirements. *Id.* at 130 (reversing a district court for denying a compassionate release motion for failure to comply with § 3582(c)(1)(A)'s threshold requirements).

In this case, Mr. Allen filed a request with the warden of his facility on April 18, 2024, in which he asked the warden to file a compassionate release motion on his behalf. (ECF No. 559-1 at 2.) He filed this Motion on May 13, 2024, fewer than thirty days later. (ECF No. 559 at 5.) Therefore, he did not meet § 3582(c)(1)(A)'s threshold requirements. Nevertheless, because these requirements are non-jurisdictional, and the Government did not timely raise that issue, the limitation is waived. As such, Mr. Allen's motion is properly before this Court.

**II.     There are Extraordinary and Compelling Reasons Warranting Relief and Granting Such Relief Would Comport with both § 3553(a) and the Policy Statements of the United States Sentencing Commission**

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Compassionate release, as provided by Congress in § 3582(c)(1)(A), is a limited exception to that rule. *See United States v. McCoy*, 981 F.3d 271, 274 (4th Cir. 2020). It permits a court to modify a sentence upon its finding that (1) extraordinary and compelling reasons warrant a reduction and that (2) such a reduction would align with any relevant sentencing factors set out in 18 U.S.C. § 3553(a) and any applicable policy statement

issued by the United States Sentencing Commission.[3] *See United States v. Ferguson*, 55 F.4th 262, 267–68 (4th Cir. 2022) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Court takes each of these two considerations in turn.

a. Extraordinary and Compelling Reasons

To grant compassionate release, a federal court must find that there are "extraordinary and compelling reasons" warranting relief. 18 U.S.C. § 3582(c)(1)(A)(i). Congress has delegated the task of "describing what should be considered extraordinary and compelling reasons" to the United States Sentencing Commission. 28 U.S.C. § 994(t). The Commission, in turn, has identified six possible circumstances that, viewed separately or together, may amount to extraordinary and compelling reasons for a sentence reduction:

(1) the medical circumstances of the defendant;

(2) the age of the defendant;

(3) the death or incapacitation of an immediate family member of the defendant;

(4) the defendant being a victim of abuse while in custody;

(5) other reasons of similar gravity as (1)–(4); and

(6) an unusually long sentence, provided that the defendant has served more than ten years and there has been a change in the relevant law.

U.S.S.G. § 1B1.13(b)(1)(6). Additionally, "courts are 'empowered . . . to consider *any*

---

[3] Section 3582(c)(1)(A) also permits a court to grant relief if a prisoner (1) met the threshold requirements; (2) is at least seventy years of age; (3) has served at least thirty years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c); and (4) the Director of the Bureau of Prisons has determined that the prisoner is not a danger to the safety of the any other person or the community. *Id.* § 3582(c)(1)(A)(ii). This provision does not apply in Mr. Allen's case for the simple reason that he is fifty-three years old.

extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)); *see also United States v. Wise*, No. ELH-18-72, 2020 WL 2614816, at *6 (D. Md. May 22, 2020) (recognizing that a federal district court "retains independent discretion" beyond the Commission's commentary "to determine whether 'extraordinary and compelling reasons' warrant a sentence reduction").

Mr. Allen's first proffered extraordinary and compelling reason for release is that all but one of his nine co-Defendants has been released from prison. (ECF No. 559 at 2.) A disparity in sentencing between co-defendants may constitute an "extraordinary and compelling" reason for sentence reduction. *United States v. Brown*, 78 F.4th 122, 124, 126, 131–32 (4th Cir. 2023); *United States v. Eccleston*, 573 F. Supp. 3d 1013, 1017 (D. Md. 2021); *United States v. Payton*, No. PMJ-06-341, 2021 WL 927631, at *2 (D. Md. Mar. 11, 2021).

In *Payton*, William Tyrone Payton, who was originally sentenced to two hundred ninety-two months for a nonviolent drug offense, moved for compassionate release after his "principal co-conspirator," Lester Fletcher, was released on home confinement. 2021 WL 927631, at *1. Fletcher had originally been sentenced to life imprisonment and, relative to Payton, had committed "far more egregious conduct." *Id.* Over the course of three separate sentence reductions, Fletcher's sentence was reduced to time served after he had been incarcerated for one hundred eighty-three months. *Id.* at *2. Payton sought compassionate release on the basis that his and Fletcher's original sentences—two hundred ninety-two months and life imprisonment, respectively—had properly reflected their different roles in their drug-trafficking scheme. *Id.* Payton argued that, as a result of Fletcher's sentence reductions and, ultimately, his compassionate release, their sentences had become unfairly

disparate. *Id.* The *Payton* court agreed and reduced Payton's sentence to time served. *Id.* The court reasoned that it would be unjust for Fletcher's release from prison after one hundred eighty-three months to result in the more culpable of the two defendants serving a shorter sentence than the less culpable Payton. *Id.*

*Payton* is instructive in this case. Kedrick Jenifer, the leader of a drug-trafficking organization, was originally sentenced to two hundred forty months' (twenty years) imprisonment. *See United States v. Jenifer*, No. RDB-14-411, slip op. at 1 (D. Md. Mar. 30, 2026). Recently, this Court granted Jenifer's motion for sentence reduction pursuant to § 3582(c)(1)(A), reducing his sentence from two hundred forty months to two hundred four months (seventeen years). *Id.* at 2. This Court's decision rested, in part, on the fact that Jenifer and Mr. Allen's remaining eight co-Defendants have been released. *Id.* at 7–8. Just as in *Payton*, Jenifer, the more culpable head of a drug-trafficking organization, has received a sentence reduction of three years (fifteen percent of his original sentence) from which the less culpable lieutenant, Mr. Allen, has not benefited. That disparity amounts to an extraordinary and compelling reason to reduce Mr. Allen's sentence.

Second, Mr. Allen argues that he would likely receive a shorter sentence were he sentenced today than the sentence of one hundred ninety-two months he received in 2016. (ECF No. 559 at 2.) The Fourth Circuit has treated a disparity between a sentence imposed in the past and the sentence that would likely be imposed today as an "extraordinary and compelling" reason meriting relief. *Brown*, 78 F.4th at 131; *United States v. Whitehurst*, No. PJM-11-587, 2024 WL 3455708, at *1, 4 (D. Md. July 17, 2024) (reducing a defendant's sentence, in part, because disparities existed with modern sentencing in non-violent, drug trafficking

cases). In *Brown*, for example, the Fourth Circuit compared the sentence imposed on petitioner Kelvin Brown in 2014—fifty-seven years for nonviolent drug and gun possession crimes—to the national average sentence for murder in 2022, roughly twenty-two years. *Id.* (internal citations omitted). The *Brown* court stated that, "[w]hile we do not make light of the serious conduct for which Brown was convicted, we cannot ignore the extraordinary fact that Brown, who was not charged with causing any physical violence or injury, is serving a sentence more than two-and-a-half times the length of today's average murder sentence." *Id.*

In this case, Mr. Allen's sentence of one hundred ninety-two months (sixteen years) is substantially longer than the average sentence imposed in the District of Maryland for a non-violent drug trafficking crime by a defendant with the same criminal history category as Mr. Allen, III.[4] *See* U.S.S.C. Interactive Data Analyzer, Sentencing Outcomes – Sentence Length, https://ida.ussc.gov/analytics/saw.dll?Dashboard (last visited Mar. 29, 2026) (compiling federal sentencing data from sixty-two sentences imposed in the District of Maryland from 2020 to 2024). The average sentence length imposed between 2020 and 2024 for defendants having committed the same offense and possessing the same criminal history category as Mr. Allen was fifty-six months, plus forty-six months supervised release. *Id.* Of the sixty-two cases reported to the Sentencing Commission, none of the defendants received sentences of more than fifteen years, only 8.1% received sentences between ten and fifteen years, and approximately 80% of sentences were between two and less than ten years. *Id.* Mr. Allen's one hundred ninety-two month (sixteen year) sentence is more than three times longer than the average sentence imposed from 2020 to 2024 for a similar crime and equivalent criminal

---

[4] *See* (ECF No. 285 *SEALED* at 8 (Presentence Investigation Report)).

history. It is more than six years longer than 80% of all such sentences. This disparity merits a reduction in Mr. Allen's sentence.

Third, Mr. Allen argues that his previous criminal history category, III, is no longer sound because it had relied on predicate offenses which have since been expunged. (ECF No. 559 at 2.) Specifically, Mr. Allen was twice convicted of marijuana possession crimes in the State of Maryland. (ECF No. 285 at 7, 8 *SEALED*.) Mr. Allen claims, without proof, that those convictions were expunged after Maryland legalized marijuana. (ECF No. 559 at 2.) Because Mr. Allen has provided the Court with nothing to corroborate his claims, the Court cannot find that the criminal history category assessed in the Presentence Investigation Report, III, is unsound. As such, it does not amount to an extraordinary and compelling reason to reduce his sentence.

Fourth, and finally, Mr. Allen fairly contends that his rehabilitation efforts while incarcerated are an extraordinary and compelling reason to grant him a sentence reduction. (ECF No. 559 at 3.) While 28 U.S.C. § 994(t) dictates that rehabilitation "alone shall not be considered an extraordinary and compelling reason," courts are empowered to consider rehabilitation efforts alongside other reasons. *See United States v. Burleigh*, 145 F.4th 541, 552 (4th Cir. 2025). Mr. Allen's commendable record of rehabilitation speaks for itself. While incarcerated at FCI Prison Camp, before being transferred to a halfway house in Baltimore, Mr. Allen maintained employment, attended religious services weekly, and completed over eighty rehabilitation programs and classes, including a drug abuse program. These efforts, coupled with the sentencing disparities explained above, amount to extraordinary and compelling reasons for the Court to reduce Mr. Allen's sentence.

For all these reasons, the Court finds that a reduction in sentence from one hundred ninety-two months (sixteen years) to time served is just.

### b.  § 3553(a) Factors

Once a district court finds the existence of extraordinary and compelling reasons to grant relief, it must determine whether any relevant sentencing factors in 18 U.S.C. § 3553(a) also support relief. *See* 18 U.S.C. § 3582(c)(1)(A). Those factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed;" (3) "the kinds of sentences available;" (4) the sentencing guideline ranges; (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities among defendants with similar records;" and (7) "the need to provide restitution to the victims of the offense." 18 U.S.C. § 3553(a). The Court concludes that the sentencing factors support release.

First, the Court has already noted that the average sentence imposed by this Court between 2020 and 2024 for similar crimes and a criminal history category of III was fifty-six months. *See* U.S.S.C. Interactive Data Analyzer, Sentencing Outcomes – Sentence Length, https://ida.ussc.gov/analytics/saw.dll?Dashboard (last visited Mar. 29, 2026). As of March 2026, Mr. Allen has served one hundred thirty-seven months, more than double the average sentence now imposed for his crime and criminal history category. Therefore, reducing his sentence to time served would not run afoul of the basic need for criminals to serve sentences that provide just punishment, promote respect for the law, deter crime, and protect the public. Second, the same sentencing data just noted favors relief with respect to the sixth of the § 3553(a) factors, the need to avoid unwarranted sentence disparities among defendants with

similar records. As it stands, Mr. Allen's sentence is quite disparate from recent defendants with similar records. A sentence reduction would therefore align with factor six.

Third, Mr. Allen's rehabilitation favors relief. *See United States v. Cole*, No. ELH-18-0167, 2024 WL 3729133, at *1, 19 (D. Md. Aug. 7, 2024) (citing *United States v. Ogun*, 657 F. Supp. 3d 798, 811 (E.D. Va. Feb. 24, 2023) (emphasizing that rehabilitation efforts are a "significant factor" considered in sentence reductions, despite rehabilitation alone being insufficient to warrant release) (internal quotation marks omitted)). Again, as noted above, Mr. Allen has participated in more than eighty rehabilitation programs during his term of incarceration. As further testament to his spirit of rehabilitation, at some point in 2018, after serving just two years in a medium-security facility, Mr. Allen was transferred to a minimum-security federal prison camp in Lewisburg, PA. He remained there until he was transferred recently[5] to his current halfway house in Baltimore. The fact that Mr. Allen spent the great majority of his prison term at a minimum-security prison camp, which prioritizes rehabilitation and reentry,[6] is a testament to his strong rehabilitation efforts. Fourth, and as regards the second § 3553(a) factor—the need for the sentence imposed—Mr. Allen's age of fifty-three years,[7] his stable

---

[5] The Court is not aware of the exact date on which Mr. Allen was transferred from his federal prison camp to his current halfway house.

[6] See Fed. Bureau of Prisons, About Our Facilities, https://www.bop.gov/about/facilities/federal_prisons.jsp#:~:text=Minimum%20Security, Medium%20Security (last visited Mar. 29, 2026).

[7] The Fourth Circuit and numerous district courts within this Circuit have acknowledged an empirical correlation in which recidivism rates decrease as a defendant's age increases. *See, e.g.*, *United States v. Howard*, 773 F.3d 519, 533 (4th Cir. 2014) (discussing studies where recidivism rates decrease with age); *United States v. Taylor*, No. ELH-12-0570, 2023 WL 8650367 (D. Md. Dec. 14, 2023) (finding the defendant's age of fifty-five weighed in favor of relief because recidivism rates statistically decrease with age). Thus, Mr. Allen's age of fifty-three is a factor meriting reduction.

employment opportunity of commercial driving (ECF No. 559 at 2), and broad support network of family and friends reduce his risk of recidivism. On balance, his low likelihood of recidivism and evidence of rehabilitation favor relief.

Fifth, and finally, the need to avoid unwarranted sentencing disparities greatly supports a reduction in Mr. Allen's sentence. This Court has repeatedly recognized that sentencing disparities between similarly situated defendants merit relief. *See, e.g.*, *Payton*, 2021 WL 927631, at \*1; *United States v. Thomas*, No. CCB-04-232, 2024 WL 5239411, at \*1, 2 (D. Md. Dec. 27, 2024) (explaining that a disparity between the defendant's sentence and much shorter sentences of co-defendants is "compelling").

In light of all these considerations, the Court rules that a sentence of time served (eleven-and-a-half years) would provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public to the same extent as his original sentence of one hundred ninety-two months (sixteen years). Accordingly, the § 3553(a) factors support the Court's reduction in sentence.

In sum, Mr. Allen's Motion for Compassionate Release (ECF No. 559) presents extraordinary and compelling reasons meriting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Such a reduction is further supported by the sentencing considerations in 18 U.S.C. § 3553(a). The Court reduces Mr. Allen's sentence to time served.

## CONCLUSION

For the reasons stated above, Mr. Allen's pro se Motion for Compassionate Release (ECF No. 559) is GRANTED. His sentence is reduced to time served. The Bureau of Prisons is DIRECTED to release him from custody within ten days of the issuance of the accompanying Order.

A separate Order follows.

Date: March 30th, 2026                              /s/
                                            Richard D. Bennett
                                            United States Senior District Judge

13